

**FILED & ENTERED**

MAY 08 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**JOHN WOODRUFF and DONNA ESTHER WASHINGTON-WOODRUFF,**<br>Debtors. | Case No. 2:12-bk-48104-RK<br>Chapter 7<br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER APPROVING LOAN MODIFICATION AGREEMENT OR FOR ORDER PERMITTING THE PARTIES TO ENTER INTO SUCH AGREEMENT**<br>[No Hearing Set] |

On March 15, 2013, U.S. Bank, N.A., as Trustee for Holders of the Mastr Adjustable Rate Mortgages Trust 2007-2, filed a motion for order approving a loan modification agreement or for an order permitting the parties to enter into such an agreement. On the same date, with this motion, U.S. Bank filed a notice of hearing on the motion, which was in fact, according to its contents, a notice of opportunity to request a hearing on the motion pursuant to Local Bankruptcy Rule 9013-1(o).

On April 26, 2013, U.S. Bank filed a declaration re: entry of order without hearing pursuant to Local Bankruptcy Rule 9013(o), attesting that the 14-day deadline for requesting a hearing on the motion had passed without any party requesting a hearing

and that the motion should be granted and an order should be entered without a hearing on the motion.

On May 6, 2013, in response to U.S. Bank's declaration re: entry of order without hearing, debtors John Woodruff and Donna Esther Washington-Woodruff filed a motion to vacate order approving loan modification agreement entered on April 26, 2013, stating that they no longer wish to continue with the loan modification. However, no such order had been entered on April 26, 2013, or thereafter, on the motion of U.S. Bank.

Because debtors have filed a motion to vacate any order on the motion, indicating their opposition to the motion because they do not want to proceed with the loan modification, and the court has concerns whether it has subject matter jurisdiction to rule on the motion because it may be rendering an advisory opinion on the loan modification agreement and whether the loan modification agreement may constitute a reaffirmation agreement that does not need court approval pursuant to 11 U.S.C. § 524(c)(6) and (d), the court hereby denies the motion without prejudice. *In re Smith*, 409 B.R. 1, 2 (Bankr. D. N.H. 2009); *In re Wofford,* 449 B.R. 362, 364-365 (Bankr. W.D. Wis. 2011).

U.S. Bank may refile the motion by noticing the motion for hearing pursuant to the notice and hearing requirements of Local Bankruptcy Rule 9013-1(c)-(j) rather than the "negative notice" provisions of Local Bankruptcy Rule 9013-1(o). Such a refiled motion must be accompanied by a memorandum of points and authorities addressing the concerns raised by debtors in their motion to vacate and the court in this order.

IT IS SO ORDERED.

Date: May 8, 2013

_____
Robert Kwan
United States Bankruptcy Judge

2

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER APPROVING LOAN MODIFICATION AGREEMENT OR FOR ORDER PERMITTING THE PARTIES TO ENTER INTO SUCH AGREEMENT** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **May 8, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Robert S Lampl     advocate45@aol.com
Kahlil J McAlpin     kahlil24@aol.com
Jason M Rund (TR)     trustee@srlawyers.com, jrund@ecf.epiqsystems.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Kristin S Webb     bknotice@rcolegal.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

John Woodruff
Donna Esther Washington-Woodruff
4440 W. 58th Street
Los Angeles, CA 90043

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page